UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-155** |
| **CEDRIC KELLY** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 50). For the following reasons, the Motion is DENIED, and Defendant's petition for post-conviction relief is DISMISSED WITH PREJUDICE.

### BACKGROUND

On January 12, 2012, Defendant Cedric Kelly pleaded guilty pursuant to a plea agreement to one count of use of fire in order to collect money for an extension of credit through extortionate means[1] and one count of knowingly and

---

[1] *See* 18 U.S.C. § 844(h)(1).

1

intentionally distributing 28 grams or more of cocaine base.[2]  This Court sentenced Defendant to 180 months in prison on June 12, 2012.  Kelly did not file an appeal, and his sentence became final fourteen days later.[3]  Defendant's plea agreement included a waiver of his rights to bring any direct appeal or collateral attack of his sentence.

On December 19, 2014, Defendant, proceeding *pro se*, filed the instant Motion asking this Court to vacate his sentence in light of the ineffective assistance of counsel that he received.[4]  Specifically, Defendant claims that his appointed attorney, George Chaney, failed to file an appeal or consult with Defendant concerning an appeal.  He alleges that Mr. Chaney falsely informed him that he could not file an appeal because he had not gone to trial and that Mr. Chaney failed to respond to the numerous messages that Defendant and his mother left at Mr. Chaney's office. The Government responded, arguing that Defendant's claim is time-barred.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in

---

[2] *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).

[3] *See* Fed. R. App. P. 4. A "conviction becomes final upon the expiration of the period for filing a notice of direct appeal." *United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008).

[4] Defendant's Motion was not docketed until December 19, 2014, however, it was signed by Defendant on December 16, 2014.

excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[5]  Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[6]  The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[7]  A one-year period statute of limitation applies to § 2255 motions.[8]

## LAW AND ANALYSIS

The government argues that Defendant's claim should be dismissed as time-barred because it was brought outside of the one-year statute of limitations provided for in § 2255.  Pursuant to § 2255, the one-year limitations period begins to run on the latest of several dates, including "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" or (3) "the date on which the facts supporting the claim or claims presented could have been discovered

---

[5] 28 U.S.C. § 2255(a).

[6] *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998).

[7] *Massaro*, 538 U.S. at 509; *see also, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

[8] 28 U.S.C. § 2255(f).

3

through the exercise of due diligence."[9] If Defendant's one-year period in which to file began running when his conviction became final on June 26, 2012, as the government argues, he would have had until June 26, 2013 to file his § 2255 motion. Because Defendant waited until December 19, 2014 to file the instant Motion, this Motion would be time-barred.

Defendant argues, however, that his claim is not time-barred because the statute of limitations began running from another date. First, he argues that his time to file did not begin to run until November 2014 when he discovered that it was not true, as his appointed counsel had told him, that he could not file an appeal because he had not gone to trial. Second, he argues that the collateral attack waiver in his plea agreement prevented him from bringing this action until the Attorney General issued a memorandum on October 14, 2014, instructing federal prosecutors to decline to enforce waivers of ineffective-assistance-of-counsel claims in preexisting plea agreements. This Court will address each of Defendant's arguments in turn.

### A. Date of Discovery

First, Defendant argues that the time in which he was required to file the instant Motion did not begin running until he spoke with a jailhouse attorney in November of 2014 and learned that he had a right to appeal. Defendant claims that his appointed counsel had told him that he did not have a right to appeal because he did not go to trial. Defendant claims that after learning that

---

[9] *Id.* The fourth date—"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"—is not implicated in this case.

he was entitled to an appeal, he wrote to appointed counsel and requested a copy of his case file, which arrived on November 8, 2014. He then filed the instant motion on December 19, 2014, alleging the ineffective assistance of counsel for appointed counsel's failure to pursue an appeal or inform him that he had a right to appeal.

In short, Defendant's argument is that his conversation with a jailhouse lawyer in November of 2014 constitutes "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence,"[10] and as such, is the time from which the statute of limitations should begin to run. "As the Supreme Court has explained, 'diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act."[11]

This Court holds that Defendant was not diligent in discovering his claim. Specifically, Defendant has offered no explanation as to why he waited nearly two-and-a-half years to consult a jailhouse lawyer about his right to appeal.[12] Defendant states that both he and his mother attempted to contact his appointed counsel on numerous occasions concerning the status of his appeal even after counsel had allegedly informed him that he had no right to such. First, this fact belies Defendant's allegation that he did not know he was entitled to an appeal.

---

[10] 28 U.S.C. § 2255(f)(4).

[11] *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)).

[12] *See Gonzalez-Balderas v. United States*, No. 12-4350, 2013 WL 4774644, at *1 (N.D. Tex. Sept. 6, 2013) ("The petitioner has offered no evidence to show why he did not realize that he should file a FOIA request until seventeen years after his conviction.").

Second, appointed counsel's failure to respond to Defendant should have indicated to him that he should seek alternative assistance well before November 2014. Lastly, Defendant's affidavit supporting this Motion states that the Court informed him at sentencing that he had a right to appeal,[13] indicating that Defendant knew then that he was entitled to an appeal.[14] Therefore, he should have been compelled at that time—rather than two years later—to investigate the discrepancy between the statements of the Court and his attorney. Accordingly, this Court rejects Defendant's argument that the statute of limitations began to run after he spoke with a jailhouse lawyer in November 2014 because he was not diligent in discovering his claim.

### B. Collateral Attack Waiver

Next, Defendant argues that the statute of limitations should begin running from the date of the release of a memorandum by the Attorney General promulgating a policy disfavoring the waiver of ineffective assistance of counsel claims in plea agreements. In the memorandum, released on October 14, 2014, the Attorney General instructed all federal prosecutors to cease seeking waivers of ineffective-assistance-of-counsel claims in plea agreements and decline to enforce those waivers included in previously executed plea agreements.[15] In his

---

[13] The transcript of Defendant's sentencing indicates that this Court stated the following: "Mr. Kelly, by pleading guilty you've waived your right to appeal your conviction. You've also waived your right to appeal your sentence on any ground except any sentence imposed in excess of the statutory maximum and ineffective assistance of counsel." R. Doc. 49.

[14] *Jackson*, 470 F. App'x at 327.

[15] *See* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors(Oct. 14, 2014),available at http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf; *Jones v. United States*, 582 F. App'x 845 (11th Cir. 2014); *see also United*

plea agreement, Defendant waived his right to challenge his sentence collaterally and only reserved the right to bring a claim of ineffective assistance of counsel as it affected the validity of his waiver or guilty plea. Defendant alleges that the date of the release of this memorandum is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action,"[16] and as such, the statute of limitations should begin running from the date of the memo's release.

Defendant's argument is unique, and this Court was unable to find any other case directly addressing it. Nevertheless, this Court holds that Defendant's argument fails because the waiver of Defendant's right to bring an ineffective-assistance-of-counsel claim in his plea agreement was not "in violation of the Constitution or laws of the United States." It is well-settled in the Fifth Circuit that a defendant's waiver of claims regarding the ineffective assistance of counsel is valid unless the ineffective assistance affected the validity of his waiver or plea.[17] Indeed, "the Deputy Attorney General's

---

*States v. Richardson*, No. 13-02, 2014 WL 6981935, at *5 (E.D. La. Dec. 9, 2014) ("Waivers of post-conviction relief 'must be asserted by the government or be deemed waived, functioning much like affirmative defenses.'" (quoting *United States v. Del Toro–Alejandre*, 489 F.3d 721, 722 (5th Cir.2007))).

[16] 28 U.S.C. § 2255(f)(2).

[17] *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. . . . [W]e see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea

Memorandum [merely] embodies a change in Department of Justice policy, not a change in the law that renders prior waivers of collateral attack invalid."[18]  In fact, "the policy [of the Department of Justice] seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will."[19]  Accordingly, these provisions are still enforceable despite the change in the Department of Justice's policy. Defendant's waiver would be valid and operable if the government sought to enforce it against him.[20]  Accordingly, this Court holds that the waiver of the right to bring a claim of ineffective assistance of counsel is not unconstitutional, and, therefore, the government's decision to stop its enforcement is not the removal of an "impediment to making a motion created by governmental action in violation of the Constitution."

      Because this Court has rejected Defendant's alternative arguments, the statute of limitations began to run from the time his conviction became final. Accordingly, the instant Motion was filed outside of that time period and is therefore untimely.

---

agreement if they wish."); *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

[18] *United States v. Eziolisa*, No. 10-039, 2015 WL 686416, at *3 (S.D. Ohio Feb. 18, 2015) (declining to treat the memorandum as a "new fact" for purposes of Rule 60).

[19] *Mingo v. United States*, No. 12-018, 2014 WL 7184011, at *1 (S.D. Ga. Dec. 17, 2014).

[20] *See Smith v. United States*, No. 08-107, 2015 WL 914901, at *5 (E.D. Tex. Mar. 2, 2015) report and recommendation adopted, No. 08-107(7), 2015 WL 1324766 (E.D. Tex. Mar. 24, 2015) (enforcing Defendant's waiver to preclude a claim of ineffective assistance of counsel).

### C. Equitable Estoppel

The one-year limitation period is not jurisdictional and may be equitably tolled.[21] A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[22] "Equitable tolling is to be applied restrictively and should be entertained only in cases presenting rare and exceptional circumstances where it is necessary to preserve a [movant's] claims when strict application of the statute of limitations would be inequitable."[23]

First, this Court notes that an allegation that counsel deceived or abandoned the defendant can be considered a "rare and extraordinary circumstance" for the purposes of equitable tolling if the defendant reasonably relied on the representations of his attorney.[24] "While the normal errors made by attorneys may not justify equitable tolling of the statute of limitations for filing a habeas petition, extreme situations, such as abandonment, require a different result.[25] That said, a Defendant must still show due diligence in pursuing his rights, even when he has received inadequate legal representation.[26] "Likewise, ineffective assistance of counsel is irrelevant to the

---

[21] *Holland v. Florida*, 560 U.S. 631, 645–48 (2010); *United States v. Martinez*, 596 F. App'x 333, 335 (5th Cir. 2015).

[22] *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted).

[23] *In re Campbell*, 750 F.3d 523, 533 (5th Cir. 2014).

[24] *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002); *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012) (citing *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012)).

[25] *Wessinger v. Cain*, 358 F. Supp. 2d 523, 52–30 (M.D. La. 2005).

[26] *Manning*, 688 F.3d at 185.

9

tolling decision because a prisoner has no right to counsel during post-conviction proceedings."[27]

The Supreme Court has urged that courts are to "draw upon decisions made in other similar cases for guidance" in reviewing a case for equitable tolling purposes.[28] In *Palacios v. Stephens*, the Fifth Circuit held that the defendant was entitled to equitable tolling when he: (1) hired an attorney to represent him in post-conviction proceedings; (2) informed his attorney of the filing deadlines; (3) enlisted his wife to contact and visit with the attorney to follow up on the status of filings; (4) filed a grievance against his attorney with the state bar when he became unresponsive; (5) discharged the attorney after giving him a 10-day deadline in which to respond to defendant; and (6) filed a *pro se* habeas application on the day he received his file. By contrast, in *Arita v. Cain*, the Fifth Circuit held that the defendant was not entitled to equitable tolling when he: (1) he repeatedly contacted his hired counsel to alert him of the filing deadline, which he believed to be November 2006, and check on the status of what he had filed; (2) waited until October of 2007 to hire new counsel when his original counsel became unresponsive; (3) waited until August of 2008 to report the original counsel to the state bar association; (4) never instructed counsel to file a federal habeas petition but merely inquired as to what had been filed; and (5) relied solely on counsel without contacting the court himself.

This Court holds that Defendant's efforts are more akin to those of Arita than Palacios. Defendant alleges that the Court told him at sentencing that he

---

[27] *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

[28] *Holland*, 560 U.S. at 650.

had a right to appeal his sentence and that he informed his counsel, George Chaney, at that time that he wanted to appeal his sentence. Mr. Chaney reportedly instructed Defendant that he would come to the jail to discuss appeal. Defendant alleges that Mr. Chaney informed him that he could not appeal because he did not go to trial. Defendant also alleges that Mr. Chaney never visited him at any time after sentencing and that he and his mother left numerous phone messages with Mr. Chaney's office that were not returned. Defendant further states that it was not until November 2014 when he consulted with a jailhouse lawyer that he realized he had a right to appeal and that Mr. Chaney had lied when he told him he could not appeal because he had not gone to trial. As discussed above, Defendant gives no explanation for his delay in consulting with a jailhouse lawyer regarding his right to appeal. Despite being allegedly abandoned by counsel, Defendant waited more than two years before seeking alternative assistance. He never contacted the court directly, never filed a grievance against Mr. Chaney, and never informed Mr. Chaney of the relevant deadlines. "Complete inactivity in the face of no communication from counsel does not constitute diligence."[29] Accordingly, Defendant is not entitled to equitable tolling because he did not show diligence in pursuit of his post-conviction rights.

---

[29] *Manning*, 688 F.3d at 185.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED, and his post-conviction petition is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 27th day of April, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**